IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 07-00301 HG-01 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EDILBERTO ALGAR RUIZ, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO RULE 35(b) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

On October 17, 2007, Defendant Edilberto Algar Ruiz, Jr. ("Defendant") pled guilty, pursuant to a plea agreement, to a Two-Count Indictment. (ECF No. 44.) Defendant pled guilty to attempted possession of fifty grams or more of methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and attempting to possess and distribute fifty or more grams of a methamphetamine mixture in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). (Id.)

On February 14, 2008, the Government filed a motion for downward departure, pursuant to Section 5K1.1 of the sentencing guidelines, requesting the Court impose a sentence below the mandatory minimum range based on the Defendant's cooperation that led to the guilty plea of co-defendant Marianito Laguatan. (ECF No. 77.)  On March 13, 2008, Defendant was sentenced to 60 months

imprisonment and a five year term of supervised release. (ECF No. 84.) Judgment was entered on March 27, 2008. (ECF No. 85.)

On March 5, 2009, the Government filed a Protective Motion to Reduce Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). (ECF No. 96.) The motion was filed as a placeholder in the belief that Defendant's cooperation in an ongoing investigation and his agreement to testify at trial could warrant a future reduction in his sentence. (Id.)

On January 23, 2012, the Government filed a Motion to Reduce Sentence Pursuant to Rule 35 of the Fed. R. Crim. P. (ECF No. 98.) The Defendant had been selected for placement in a halfway house, but was held in custody with the United States Marshal's Service due to his role as a witness in United States v. Javier, Cr. No. 11-00382 LEK. (Id.) The Government's motion requested the Court reduce Defendant's sentence to time served in order to allow his relocation to the halfway house with the understanding that Defendant would remain committed to continuing cooperation. (Id.) The motion to reduce the sentence to time served was granted on February 8, 2012, with all other aspects of the Defendant's sentence remaining unchanged. (ECF No. 99.)

On May 2, 2013, Defendant testified at the trial of United States v. Jeffrey Javier. (ECF No. 108.) The Government believes his testimony substantially assisted in the successful

prosecution of Javier. (Id.) On June 17, 2013, the United States filed a Motion to Reduce Sentence Pursuant to Rule 35 of the Fed. R. Crim. P., requesting a reduction of Defendant's supervised release term from five years to two years. (Id.)

### STANDARD OF REVIEW

Federal Rules of Criminal Procedure Rule 35(b)(1)provides:

> **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Federal Rules of Criminal Procedure Rule 35(b)(2)(B) provides:

> **(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> . . .
>
>     (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; . . . .

A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court.  United States v. Smith, 964 F.2d 885, 887 (9th Cir. 1992); United States v. Hooton, 693 F.2d 857, 859 (9th Cir. 1982).

A district court may consider the 18 U.S.C. § 3553(a) factors to award a sentence reduction greater than, less than, or equal to the reduction the defendant's assistance considered alone, would warrant. *See* United States v. Tadio, 663 F.3d 1042, 1055 (9th Cir. 2011).

3

**ANALYSIS**

The Court finds that Defendant substantially assisted the Government in the investigation and prosecution of criminal activity. A reduction of Defendant's sentence pursuant to Rule 35(b) of the Fed. R. Crim. P. is appropriate. The Court grants a reduction in the term of supervised release from five years to two years, finding this to be appropriate, based on the nature of the cooperation and consideration of the 18 U.S.C. § 3553(a) factors.

**CONCLUSION**

The Government's Motion to reduce Defendant's sentence is GRANTED. The Court reduces the Defendant's sentence by decreasing supervised release from a five year term to a two year term. All other aspects of the Defendant's sentence remain unchanged.

IT IS SO ORDERED.

Dated: July 16, 2013, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

---

United States of America v. Edilberto Algar Ruiz, Jr., Cr. No. 07-00301 HG-01; **ORDER GRANTING GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE FOR SUBSTANTIAL ASSISTANCE**